**SCHMIDT CO v VOELGER et**

Common Pleas Court, Hamilton Co

Decided Sept. 29, 1934

Freiberg & Simmonds, John L. Sanger, William S. Schwartz and Jerome Goldman, Cincinnati, for plaintiff in error.

Stanley A. Silversteen, Cincinnati, for defendants in error.

## OPINION

By BELL, J.

This is a proceeding in error from the Municipal Court in the city of Cincinnati. Plaintiff in error was plaintiff below and defendant in error was defendant below. For convenience, the parties will be referred to as they appeared in the court below.

The suit was for a balance due as a commission claimed by the plaintiff for a sale of real estate.

The defendant filed an answer and cross-petition, claiming that the plaintiff was not entitled to any commission, and by his cross-petition seeking to recover the balance in the hands of the plaintiff of the earnest money placed therein by the purchaser.

The cause was submitted to a jury, who returned a verdict in favor of the defendant in the sum of $181.18.

Numerous errors are claimed by the plaintiff.

The contract upon which the action was based contained two provisions with reference to payment—one providing that the plaintiff was authorized to sell the property at public auction for the sum of $11,000, or more, and to receive a $300 deposit on account of the purchase price on the day of the sale, the balance to be arranged satisfactorily to the owner.

If the property was sold in accordance with the above mentioned provisions plaintiff was to receive a four per cent commission on the sale price.

The contract further provided that if the property was sold at private sale before the day the premises were offered at auction, or within thirty days thereafter, then the plaintiff was to receive a commission for four per cent on the sale price.

The plaintiff then proceeded to advertise and an auction sale was cried on July 1, 1933. The highest bid offered was $10,025. The property was not at that time sold. There was then a discussion between the owner, defendant below, the plaintiff below and and the person who made the bid, in the presence of one or more other persons. Then a contract of sale was drawn between Mr. Lipp, the bidder, and Mr. Voelger, the owner, and the transaction was closed.

During the discussion, before the contract of sale was drawn, certain statements were claimed to have been made about the commission, and also certain statements were made by an agent of plaintiff and another gentleman with regard to certain other mortgages held upon other property owned by the defendant, and these later statements give rise to the defendant's claim of duress set forth in his cross-petition.

Other evidence was offered, which it is unnecessary to discuss, in view of the conclusions arrived at.

This case presented two questions for the consideration and determination of the jury:

FIRST: Was this property sold at auction, and if so, did the defendant waive that provision of the contract with reference to the $11,000 or more as the sale price?

SECOND: Was this property sold at private sale?

The charge of the court in this case makes it imperative that this judgment be reversed and the cause remanded to the trial court for further proceedings according to law.

The first error in the charge of the court to the jury was on the burden of proof, the jury being charged:

"The plaintiff in this case, in fact in any case the party asking for affirmative relief, must prove their right to recover and must prove this right by a preponderance of the evidence; that is to say, they must produce evidence here which outweighs. If the plaintiff had proved such evidence, and it does preponderate in your mind in favor of the plaintiff, then and in that event the plaintiff is entitled to relief; but if the plaintiff does not prove its case by a preponderance of the evidence or by evidence which outweighs, and you find this after weighing it with the scales here given, the plaintiff is not entitled to relief—logically, because he has not proven his right to relief."

It is the law in a civil case that upon the party holding the affirmative rests the burden of proof, and that before a verdict can be returned in his favor the evidence must preponderate in favor of such person. This does not mean, however, that the person holding the affirmative must necessarily offer the preponderating evidence, but it means that on the whole evidence adduced the jury finds that it preponderates in favor of the person holding the affirmative.

A charge such as here given has so often been held to be error as to need the citation of no authority.

The court does not express an opinion as to whether or not the question of duress is in this case, except to say that upon the evidence adduced at the trial below there was no issue of duress involved, but assuming that duress was involved, the charge given was entirely erroneous. The court said to the jury:

"He (Voelger) says that he was induced to sign these papers and go through with the deal in question, and that this was done through duress. Now, what does that mean? Well, if, as a matter of fact, Mr. Voelger was induced to go through with the deal, that he otherwise would not have done by reason of fear of loss of property or

harm, then and in that event that would be duress."

A very brief and accurate definition of duress may be found in the case of **Bartlett v Richardson Co., 27 Oh Ap 263**, §1 of the syllabi:

"Fear of impending peril or financial injury or mere fact that one acts with reluctance does not constitute 'duress' which involves illegality, and implies that person has been unlawfully restrained by another to perform act under circumstances which prevent exercise of free will; it not being fraud or duress to do what person has a legal right to do, regardless of pecuniary consequences to others."

In this case it was admitted that the mortgages, upon which Mr. Menderson, as the agent of the Security Savings & Loan Co., and Mr. Farrell, of The Frederick A. Schmidt Company, made statements, were both past due and in default, and assuming that the statements claimed were made, they were making no threats to do anything that they did not have a legal right to do, and under the definition of duress as laid down by the court the jury might well have found that Mr. Voelger was being coerced and acting under duress because of the statements of these persons that they would do what they had a legal right to do in the event he failed to go through with the sale.

In considering this charge it might be pointed out that the jury was never instructed as to what an auction sale was under the law of Ohio, although they were told by a special charge that if they found that the property was sold at auction then the plaintiff could not recover.

Without considering the other assigned errors, for the reasons stated, this judgment is reversed and the cause remanded to the Municipal Court for further proceedings according to law.